**GOERING, ROBERTS, RUBIN, BROGNA,
  ENOS & TREADWELL-RUBIN, P.C.**
3567 E. Sunrise Drive, Suite 101
Tucson, AZ   85718
(520) 577-9300
(520) 577-0848 (fax)

Chris Enos – ABN 014412 – cenos@azdefenselaw.com
Andrew Apodaca, ABN: 034398 – aapodaca@azdefenselaw.com

Attorneys for Plaintiff Country Mutual Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Country Mutual Insurance Company, an Illinois corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>Midwest Family Mutual Insurance Company, an Iowa corporation; First Mercury Insurance Company, a Michigan corporation,<br><br>              Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT OF SETTLEMENT PAYMENTS** |

COMES NOW Plaintiff, COUNTRY MUTUAL INSURANCE COMPANY (hereinafter "Country"), an Illinois corporation, by and through its attorneys undersigned, and for its cause of action, alleges as follows:

/ / /

/ / /

1

# INTRODUCTION

1. Country brings this declaratory judgment action pursuant to 28 U.S.C. § 2201, for a declaration of the relative rights, liabilities, and obligations under the pertinent insurance policies of the parties.

2. Country provided commercial liability insurance to 2-B-Wired, LLC through Policy No. AM9159192 (See Attachment 1). Cullum Homes, Inc., is listed as an additional insured under the policy (See Attachment 2). Country also provided commercial liability umbrella insurance to 2-B-Wired, LLC through Policy No. AU920679002 (See Attachment 3).

3. Defendant Midwest Family Mutual Insurance Company (hereinafter "Midwest Family") provided insurance to Cullum Homes, Inc., through Policy No. ACAZ0560097836 (See Attachment 4).

4. Defendant First Mercury Insurance Company (hereinafter "First Mercury") provided umbrella insurance coverage to Cullum Homes, Inc., through a policy with an unknown policy number.

5. The Country insurance policy had applicable policy limits of $1,000,000.

6. The Country umbrella policy had applicable policy limits of $1,000,000.

7. The Midwest Family policy had applicable policy limits of $1,000,000.

8. The First Mercury umbrella policy had applicable policy limits of $5,000,000.

**PARTIES, JURISDICTION AND VENUE**

9. Country is a foreign corporation, duly organized and existing under the laws of Illinois, doing business in Arizona.

10. Midwest Family is a corporation, duly organized and existing under the laws of Iowa, doing business in Arizona.

11. First Mercury is a corporation, duly organized and existing under the laws of Michigan, doing business in Arizona.

12. Country brings this declaratory judgment action pursuant to 28 U.S.C. § 2201, for a declaration and determination of the relative rights, liabilities and payment of settlement obligations under the pertinent insurance policies of the parties as set forth hereinafter.

13. This litigation is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of the parties and the amount in controversy.

14. The amount in controversy in this matter exceeds $75,000.

15. Venue is proper in this Court as all acts and omissions set forth in the underlying litigation occurred in Maricopa County, Arizona; the parties all do business in Maricopa County, Arizona and the insured entities were doing business in Maricopa County, Arizona.

16. Jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

### Timeline and Relevant Facts

17. This action for Declaratory Relief arises out of a lawsuit filed by Andrew Bustos against Cullum Homes, Inc., in Maricopa County Superior Court in the State of Arizona Cause Number CV2018-094022.

18. That action arose as a result of a construction site accident that occurred on April 4, 2018, during the construction of a single-family residence located at 6850 North 39th Place, Paradise Valley, Arizona (the "subject property").

19. At the time, Cullum Homes was a licensed general contractor specializing in the construction of custom single-family residences.

20. At that time, 2BWired was a licensed electrical contractor who contracted with Cullum Homes to install the electrical system at the subject property.

21. The Plaintiff, Andrew Bustos, was an employee of 2BWired.

22. On April 4, 2018, Mr. Bustos was working at the subject property when he fell from a wooden plank that had been placed over an elevator shaft.

23. As a result of the fall, Mr. Bustos suffered significant injuries.

24. Bustos had to undergo multiple surgeries and incurred approximately $2,000,000 in medical bills and lost wages totaling over $61,000.00.

25. The action in Maricopa County Superior Court named Cullum Homes as a defendant alleging Cullum Homes was negligent for failing to maintain the subject

property in a reasonably safe condition and to warn him of any potentially dangerous conditions existing on the subject property.

26. The theories against Cullum Homes included the fact Cullum Homes had breached its duty by failing to safely maintain the subject property by allowing to exist an unsafe plank on the subject property and failing to warn Bustos of the dangerous condition.

27. After the suit was instituted, Cullum Homes, Inc. tendered the defense and indemnity of the lawsuit to 2BWired on October 5, 2018.

28. On November 7, 2018, Country accepted Cullum Homes' tender and agreed to provide a defense to Cullum Homes in the lawsuit subject to a complete reservation of rights.

29. Country provided a defense to Cullum Homes under that complete reservation of rights throughout the underlying litigation paying all defense costs and expenses.

30. Midwest Family informed Cullum Homes it would be defending the case under a reservation of rights on December 30, 2020.

31. A mediation was held on August 24, 2021, in an attempt to settle this matter with Andrew Bustos.

32. A Settlement Agreement was reached whereby Country and Midwest Family would pay the sum of $1,725,000 in return for a full and complete release of any and all claims by and between the parties.

33. Country agreed to pay $1,362,500 of the settlement, and Midwest Family agreed to pay $362,500 of the settlement.

34. The insurance carriers reserved their rights to file an action for a court to determine what the legal obligations were for each of the insurers regarding their contribution to the settlement and to have the court provide a judicial reallocation of their respective contributions.

35. Country brings this declaratory relief action asserting that Cullum Homes was not afforded coverage under the additional insured endorsement. Country seeks a declaration that it was not obligated to provide coverage or indemnity for any portion of the $1,725,000 settlement and seeks reimbursement of the $1,362,500 it paid to secure said settlement. Therefore, the proper reallocation of the contribution is that Midwest Family and First Mercury are required to pay the total settlement of $1,725,000

36. Assuming *arguendo* the Court finds that Cullum Homes was an additional insured on the Country policy, Country seeks a declaration regarding the appropriate exhaustion of the policies.

## POLICIES

### Pertinent Country Insurance Policy Provisions

37. Country's policy provides the following pertinent information regarding Cullum Homes' coverage as an additional insured.

ADDITIONAL REMARKS SCHEDULE
REMARKS:

CULLUM DEVELOPMENT INC, DBA CULLEN HOMES IS AN ADDITIONAL INSURED WITH RESPECT TO THE GENERAL LIABILITY PER ATTACHED

. . .

**ADDITIONAL INSURED- OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**
This endorsement modifies insurance provided under the following:
BUSINESSOWNERS COVERAGE FORM

. . .

**Section II-Liability** as amended as follows:
**A.** The following is added to Paragraph **C.**

**Who is an Insured:  3.**   Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   **a.** Your acts or omissions; or

   **b.** The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured(s) at the locations(s) designated above.

38.   Country's policy provides the following pertinent language regarding other insurance available:

**H. Other Insurance**
1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of Section I - Property.
   1. Business Liability Coverage is excess over:
   a. Any other insurance that ensures for direct physical loss or damage; or
   b. Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.
   When this insurance is excess, we will have no duty to defend under Business Liability Coverage to defend any claim or (suit) that any other insurer has a duty to defend. If no other insured defense, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

### Midwest Family Insurance Policy Pertinent Provisions

39. Midwest Family's policy contains the identical language of the Country policy with regard to other insurance and reads as follows:

**H.   Other Insurance**
1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of Section I - Property.
   2. Business Liability Coverage is excess over:
c. Any other insurance that ensures for direct physical loss or damage; or
d. Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.
When this insurance is excess, we will have no duty to defend under Business Liability Coverage to defend any claim or (suit) that any other insurer has a duty to defend. If no other insured defense, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

### Country's Umbrella Policy Pertinent Provisions

40. The Country umbrella policy also contains an "Other Insurance" clause which reads in pertinent part as follows:

   **a.** This insurance is excess over, and shall not contribute with any other insurance, whether primary, excess, contingent or an any other basis.

### INSURANCE COVERAGE ISSUES PRESENTED TO THE COURT

41. The previously listed policy language is directly applicable to the allegations and determinations to be made in this action.

42. The Country primary policy does not provide coverage to Cullum Homes for the injuries claimed by Mr. Bustos, as Cullum Homes is not afforded coverage under the additional insured endorsement since the injuries were not caused, in whole or in part, by 2BWired's "acts or omissions" or the "acts or omissions of those acting on" 2B Wired's behalf.

43. Assuming *arguendo* that the Country policy did provide coverage under the additional insured provision, it was co-primary with the Midwest Family policy as both policies provided coverage and both policies provided identical "Other Insurance" clauses making both carriers legally obligated to pay their pro-rata share of any judgment, or in this case, settlement of the matter.

44. This controversy regarding coverage and exhaustion of insurance policies is to be construed pursuant to Arizona law.

45. As a consequence of the facts outlined above, a controversy exists between the parties to this action, and a determination must be made by this Court.

46. These issues arise out of contract entitling Plaintiff to recovery of its attorneys' fees pursuant to A.R.S. §12-301.01.

## **COUNT I – DECLARATORY RELIEF**

47. Plaintiff is entitled to Judgment declaring the Country primary policy does not provide coverage for the injuries and the damages alleged in the Complaint filed by Andrew Bustos against Cullum Homes.

48. In the alternative, Plaintiff is entitled to a Judgment declaring that while the Country primary policy did provide coverage under the additional insured endorsement, that coverage was co-primary with the Midwest Family coverage, and those obligations were pro-rata as a result of the cancelling out of the other insurance language contained in the policies. Therefore, each carrier is obligated to pay $862,500 each.

**WHEREFORE**, Plaintiff respectfully requests this Court declare and enter Judgment as follows:

a. Country is relieved of any obligation to pay any monies of the settlement of the $1,725,000 settlement;

b. In the alternative, Country is obligated to pay half of the $1,725,000 dollar settlement which totals $862,500;

c. Country is entitled to recover from Defendants all costs and attorneys' fees in bringing this action; and

d. Any and other relief as the Court deems appropriate.

DATED this 26th day of January, 2022.

**GOERING, ROBERTS, RUBIN, BROGNA, ENOS & TREADWELL-RUBIN, P.C.**

By: /s/ Chris Enos
Chris Enos
Andrew Apodaca
Attorneys for Plaintiff Country Mutual Insurance Company